# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**JAMES CALVIN RODGERS FERGUSON**                                     **PLAINTIFF**

**v.**                                               **CIVIL ACTION NO. 3:10CV-272-S**

**LOUISVILLE METRO POLICE** *et al.*                                      **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff James Calvin Rodgers Ferguson filed a *pro se* civil action pursuant to 42 U.S.C. § 1983 against the Louisville Metro Police, Sheriff's Department, and the "Public Defender's Advocacy." In the complaint, he reported that in the distant past he was charged with misdemeanor crimes and twice served six months. He alleged that from 2007 through 2010, he had been "harrassed, assaulted, sexually assaulted. And on several ocasions, property and currency stolen." He reported that he was in jail, Central State Hospital, and the Kentucky Correctional Psychiatric Complex and "Believe[d] all was premeditated and planed to mame and committe Bodly harm to [him]." He claimed that he lost his apartment, all valuables, and currency and that he had been misrepresented by attorneys; assaulted by corrections officers; moved from one section of the jail to another; constantly harassed at hospitals by security and sheriff's officers and doctors and employees; arrested on bogus disorderly conduct charges; and assaulted by officers and treated at Jewish hospital. Finally, he asserted that "all Judge and Attorney's need do is a citation and arresstt papers and court percedings, From 2007-2010 . . . and will see that all was planned premeditated and arranged for bodly harm, mameing perposes and even death." As relief, Plaintiff sought damages and expungement of all charges from 2007 through 2010.

On initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), the Court concluded that the claims against the three named Defendants must be dismissed for failure to state a claim upon which relief may be granted (DN 5).  Prior to dismissal, however, the Court granted Plaintiff 30 days within which to amend the complaint to name the officers or other individuals whom he claims allegedly harassed/assaulted him and to describe how each defendant violated his rights, including providing dates and the specific circumstances around each claim.

In response, Plaintiff filed three amended complaints (DNs 7, 8 & 9).  In each amendment, Plaintiff claims that he cannot remember names or dates.  In one amendment, he states:

> Due to the hostile nature of the harassment and assault's and the number of officer's group up around me I can not Remember names or certain dates but I could pick all the officer's who's arressted me assaulted me, and all who had connection out of a mug shot photo book.  and like i stated in the past I've been harrassed, wrongfuly Jailed, misrepersented, and [] Rail Roaded around syestem sence 2007-2010 and feel Judge's Disison was wrong.

(DN 7).

The amended complaints are insufficient for the Court to permit the action to continue.  Plaintiff alleges wrongdoing by officers employed at several different locations over a span of three years.  Officers' photos are normally not located in "mug shot photo books," which would contain pictures of individuals who are arrested, not of the arresting officers.  As all named Defendants will be dismissed by separate Order, there is no defendant to serve, and no defendant upon which to conduct discovery.

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), and this Court cannot create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

For the foregoing reasons, the instant action will be dismissed by separate Order.

Date:

cc: Plaintiff, *pro se*
4411.005

3